# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOHN DOE** | * | |
|     Plaintiff | * | |
| | * | **CIVIL ACTION NO.** |
| vs. | * | |
| | * | |
| | * | **JUDGE** |
| **TANGIPAHOA PARISH SCHOOL** | * | |
| **SYSTEM; MORGAN FRECHE** | * | **MAGISTRATE** |
| | * | |
|     Defendants | * | **JURY TRIAL DEMANDED** |

**********************************************************************

## I. COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, JOHN DOE, a person the full age of majority domiciled in the Eastern District of Louisianna, who alleges as follows:

## II. PARTIES, JURISDICITON AND VENUE

1. At all times relevant to this action, Plaintiff, JOHN DOE, was and is a resident of Tangipahoa Parish, Louisiana. This action is brought anonymously to protect the identity of JOHN DOE as this matter concerns the rape and sexual assault of Plaintiff, JOHN DOE, when he was a minor child.

2. At all relevant times to this action, Plaintiff, JOHN DOE, was a minor child and a student at Loranger High School.

3. At all times relevant to this action, Defendant MORGAN FRECHE (FRECHE) resided in Tangipahoa Parish, Louisiana, and engaged in tortious conduct in Tangipahoa Parish, Louisianna.

4. Defendant The Tangipahoa Parish School System (SCHOOL BOARD) is a government entity existing under the laws of the State of Louisiana and is headquartered in Tangipahoa Parish, Louisiana.

5. At all material times, Defendant, SCHOOL BOARD, maintained and operated Loranger High School in Tangipahoa Parish, Louisiana.

6. This action alleges the violation of rights under 20 U.S.C. § 1681 ("Title IX"). Thus, the predominant action herein gives rise to the jurisdiction in this Court pursuant to 28 U.S.C. § 1331.

7. There exist additional state causes of action that arise out of the same transaction or occurrence as the underlying federal cause of action, and this Court has ancillary jurisdiction over these counts pursuant to 28 U.S.C. § 1367.

8. Venue lies in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) as all the events or omissions giving rise to the instant lawsuit occurred within the Eastern District of Louisiana.

### III. FACTUAL ALLEGATIONS

9. Between 2020 and 2024, Defendant FRECHE, a teacher and administrator at Loranger Middle School and Loranger High School, engaged in inappropriate sexual contact with Plaintiff, JOHN DOE. During this time, Defendant FRECHE also engaged in inappropriate physical contact of a sexual nature, sent sexually explicit photographs, and sexually abused Plaintiff, JOHN DOE.

10. Defendant SCHOOL BOARD, its members, employees or agents were on actual notice of the foregoing between Defendant FRECHE and Plaintiff, JOHN DOE. In addition to the members, employees or agents of Defendant SCHOOL BOARD, the assistant principal of Loranger High School was also put on notice.

11. Despite notice and knowledge, Defendant SCHOOL BOARD, failed to discipline Defendant FRECHE, and allowed her to maintain her position as a teacher and administrator at Loranger Middle School and Loranger High School, and maintain unfettered access to young male students at the school. Moreover, Defendant SCHOOL BOARD did nothing to warn the young male students or their parents about Defendant FRECHE and her dangerous sexual predatory behavior.

12. During Plaintiff, JOHN DOE's, freshman year through junior year at Loranger High School (*i.e.*, *2020 through 2023*), Defendant FRECHE sexually harassed, Plaintiff, JOHN DOE, culminating in sexual abuse and sexual battery which occurred during his sophomore and junior year (*i.e. 2022-2023*). The sexual battery and sexual abuse occurred when Plaintiff, JOHN DOE, was a minor child. The sexual battery and sexual abuse occurred on Defendant SCHOOL BOARD premises at Loranger Middle School and/or Loranger High School. In addition, Defendant FRECHE, sent Plaintiff, JOHN DOE, sexually explicit photographs of herself.

13. As a result of these actions, Plaintiff, JOHN DOE, has suffered and will continue to suffer severe psychological and emotional injuries.

## IV. COUNT ONE: SEXUAL HARRASSMENT AND DISCRIMINATION ON THE BASIS OF GENDER IN VIOLATION OF 20 U.S.C. § 1681 (TITLE IX)

14. Plaintiff realleges the allegations contained in Paragraphs 1 through 13 as if fully restated herein.

15. At all material times, Defendant SCHOOL BOARD was receiving federal funding under 20 U.S.C. § 1681(a), Title IX.

16. Defendant SCHOOL BOARD's actions and omissions cultivated an environment against Plaintiff, JOHN DOE, that amounted to unlawful sexual harassment and discrimination on the basis of gender.

17. The harassment and discrimination endured was sufficiently severe and pervasive to create an abusive, and hostile educational environment for Plaintiff.

18. One or more of Defendant SCHOOL BOARD's administrators or officials, with authority to take corrective action on Plaintiff, JOHN DOE's, behalf, had actual notice that the harassment had occurred, was occurring, and that there was a substantial risk that sexual abuse and sexual battery would occur and failed to adequately respond.

19. Defendant SCHOOL BOARD failed to stop, correct, or respond to the sexual harassment in Plaintiff, JOHN DOE's, defense, in light of the known circumstances.

20. Those failures amounted to deliberate indifference toward the unlawful discriminatory and sexual harassment that had occurred, was occurring, or was at a substantial risk of occurring against Plaintiff, JOHN DOE.

21. As a direct and proximate result of Defendant SCHOOL BOARD's actions and omissions, Plaintiff, JOHN DOE, was sexually harassed and abused while he was a minor child at Loranger High School and has suffered damages as a result.  These damages include, but are not limited to, past and future pain and suffering, mental anguish, and past and future medical and therapeutic care.

WHEREFORE, Plaintiff, JOHN DOE, sues Defendant, TANGIPAHOA PARISH SCHOOL SYSTEM, and demands trial by jury and judgment against it for compensatory damages, attorneys' fees and costs, and other relief allowed under the law or that this Court deems just and proper.

## V. COUNT TWO: NEGLIGENCE

22. Plaintiff realleges the allegations contained in Paragraphs 1 through 13 as if fully restated herein.

23. At all times relevant, Defendant SCHOOL BOARD by and through its officers, agents, apparent agents, servants, and employees, had a duty to exercise ordinary and reasonable care to ensure the safety and care of Plaintiff, JOHN DOE, as a student at Defendant's institution.

24. Defendant SCHOOL BOARD also had a duty to take reasonable measures to protect Plaintiff, JOHN DOE, and other similarly situated students from the risk of sexual abuse and/or sexual battery.

25. At all material times, Defendant SCHOOL BAORD had full authority and control to implement and enforce policies and procedures to ensure the safety of Plaintiff, JOHN DOE, and other students at Defendant's institution.

26. Defendant SCHOOL BOARD, by and through their agents, servants, and employees, knew or reasonably should have known of the predatory, and sexually exploitative tendencies of adults against minor students as a result of prior sexual misconduct within the Tangipahoa Parish School System.

27. Defendant SCHOOL BOARD by and through their agents, servants and employees, were acting within the course and scope of their employment at all times relevant to when they breached their duty of care to Plaintiff, JOHN DOE.

28. Defendant SCHOOL BOARD breached its duty of care by engaging in conduct including, but not limited to:

    a) Failing to adopt or enforce adequate policies, or procedures for the recognition, reporting, investigation, and correction of unlawful sexual harassment and gender discrimination.

    b) Failing to implement or enforce adequate safeguards for minor students to protect them from foreseeable sexual harassment and gender discrimination.

    c) Failing to adhere to, enact, or enforce policies and procedures to govern the implementation, interpretation, and enforcement of prevention.

    d) Failure to take prompt and effective action to stop and prevent the recurrence of sexual harassment of students and Plaintiff, JOHN DOE.

    e) Failing to timely and promptly investigate evidence or inquiries of tortious misconduct against students in the nature of sexual harassment, sexual assault, sexual battery, and violations of their right to personal security and bodily integrity;

    f) Failing to assure adequate staff training with regard to maintaining, preserving, and protecting students from sexual harassment, sexual assault, sexual battery, and violations of their right to personal security and bodily integrity;

    g) Failing to supervise faculty and staff to ensure proper supervision and control;

    h) Failing to adequately supervise and train employees to report inappropriate conduct by employees, especially when such conduct includes sexual harassment, sexual assault, sexual battery, and violations of students' right to personal security and bodily integrity.

     i) Ratifying sexual misconduct by failing to denounce such conduct of employees especially when such conduct includes sexual harassment, sexual assault, sexual battery, and violations of students' right to personal security and bodily integrity

29. But for the intentional and negligent acts and omissions of Defendant SCHOOL BOARD, Plaintiff, JOHN DOE, would not have been injured.

30. As a direct and proximate result of Defendant SCHOOL BOARD's acts and omissions, Plaintiff, JOHN DOE, suffered severe damages. These damages include, but are not limited to, great pain of mind, shock, emotional distress, physical manifestations of emotional distress, embarrassment, loss of self-esteem, disgrace, humiliation, and loss of enjoyment of life as Plaintiff, JOHN DOE, was prevented and will continue to be prevented from performing Plaintiff's daily activities and obtaining the full enjoyment of life; Plaintiff has sustained and will continue to sustain loss of earnings and earning capacity; and/or has incurred and will continue to incur expenses for medical and psychological treatment, therapy, and counseling.

31. WHEREFORE, Plaintiff, JOHN DOE, sues Defendant, TANGIPAHOA PARISH SCHOOL SYSTEM, and demands trial by jury and judgment against it for compensatory damages, attorneys' fees and costs, and other relief allowed under the law or that this Court deems just and proper.

## VI. **COUNT THREE: BATTERY BY DEFENDANT FRECHE UPON JOHN DOE**

32. Plaintiff, JOHN DOE, realleges the allegations contained in Paragraphs 1 through 13 as if fully restated herein.

33. Defendant FRECHE, by a show of force or violence, intended to cause an offensive or harmful physical contact with Plaintiff, JOHN DOE.

34. Defendant FRECHE, by a show of force or violence, did cause an offensive or harmful physical contact with Plaintiff, JOHN DOE.

35. Defendant FRECHE's offensive or harmful contact occurred without Plaintiff, JOHN DOE's, consent.

36. Plaintiff, JOHN DOE, was injured as a result of the sexual battery upon him by Defendant FRECHE.

37. Plaintiff, JOHN DOE, is entitled to an award of compensatory damages in an amount to be determined by the jury, and recoverable from Defendant FRECHE for the assaults committed upon him by Defendant FRECHE, and for the injuries and damages suffered by Plaintiff, JOHN DOE as a result thereof.

## VII. COUNT FOUR: WANTON AND WILLFUL CONDUCT; PUNITIVE DAMAGES UNDER LA. C.C. ARTI 2315.7

38. Plaintiff realleges the allegations contained in Paragraphs 1- 13 as if fully restated herein.

39. Defendant FRECHE's criminal sexually harassment, sexual assault, and sexual battery were caused by a wanton and reckless disregard for the rights and safety of Plaintiff, JOHN DOE, during which he was seventeen years old or younger and incapable of consent.

40. Plaintiff is entitled to recover punitive damages from Defendant FRECHE.

## VIII. RELIEF SOUGHT

**WHEREFORE,** Plaintiff prays for damages; punitive and exemplary damages; costs; interest; statutory/civil penalties according to law; attorneys' fees and costs of litigation; and any other such relief as the court deems appropriate and just.

## IX. DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the Complaint.

Respectfully Submitted:

By: */s/ Stephen M. Smith*
Stephen M. Smith (LSB# 28235)
Stephen M. Smith & Associates, LLC
1425 N. Broad St., Ste 201
New Orleans, LA 70119
Phone: 504-947-1400
Email: stevesmithlaw@aol.com


*Law Office of Aaron A. Karger, P.A.*

Aaron Karger, (Pro Hac Forthcoming)
/s/ Aaron Karger
Florida Bar No. 93226
Email: Aaron@aak-law.com
16211 NE 18th Ave Ste 200
North Miami Beach, FL 33162

*Ben Crump Law, PLLC,*

Natalie Jackson (Pro Hac Forthcoming)
/s/ Natalie Jackson
Florida Bar No. 646075
121 S. Orange Ave
Orlando, FL 32801
Email: Natalie@bencrump.com

Precious Chavez (Pro Hac Forthcoming)
*/s/ Precious Chavez*
Florida State Bar No. 1040700
121 S. Orange Ave
Orlando, FL 32801
Email: Precious@bencrump.com


ATTORNEYS FOR PLAINTIFF

**NOTICE AND REQUEST FOR WAIVER**

 Plaintiff's counsel will send waiver forms pursuant to Federal Rule of Civil Procedure 4(d).


        By: /s Stephen M. Smith
        Stephen M. Smith & Associates, LLC
        1425 N. Broad St., Ste 201
        New Orleans, LA 70119
        Phone: 504-947-1400
        Email: stevesmithlaw@aol.com

        ATTORNEYS FOR PLAINTIFF