UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOHN DOE**                                        **CIVIL ACTION**

**VERSUS**                                          **NO. 24-2294**

**TANGIPAHOA PARISH SCHOOL**                        **SECTION: "G"(3)**
**SYSTEM, et al.**

### ORDER AND REASONS

This litigation arises out of the alleged sexual abuse of Plaintiff John Doe ("Plaintiff"), a minor child, by Defendant Morgan Freche ("Freche"), an employee of Tangipahoa Parish School System ("School Board"). Before the Court is Freche's "Motion to Stay Pending Resolution of State Court Criminal Proceedings."[1] Freche argues this matter should be stayed pending resolution of the parallel criminal proceedings.[2] Having considered the motion, the memorandum in support and in opposition, the record, and the applicable law, the Court grants the motion.

### I. Background

On September 20, 2024, Plaintiff filed a Complaint in this Court against Defendants Morgan Freche and the Tangipahoa School System (collectively "Defendants").[3] The Complaint states that Plaintiff was a minor child and student at Loranger High School.[4] The Complaint alleges between 2020 and 2024, Freche, a teacher and administrator at Loranger High School,

---

[1] Rec. Doc. 19.

[2] *Id.*

[3] Rec. Doc. 1.

[4] *Id.*

1

engaged in inappropriate sexual contact with Plaintiff.[5] The Complaint also includes allegations of sexually explicit photographs and sexual abuse.[6] The Complaint avers that the School Board, its members, employees, or agents were on actual notice of the alleged sexual abuse, particularly the assistant principal of Loranger High School.[7]

Despite notice, the Complaint alleges the School Board failed to discipline Freche and allowed her to maintain her position as a teacher and administrator at Loranger High School.[8] The Complaint states that Plaintiff has suffered and will continue to suffer severe psychological and emotional injuries.[9] Plaintiff brings claims against Defendants for sexual harassment and discrimination on the basis of gender in violation of 20 U.S.C. § 1681, negligence, battery, and wanton and willful conduct.[10]

On February 19, 2025, Freche filed the instant Motion to Stay.[11] On April 30, 2025, Plaintiff filed an opposition to the motion.[12]

## II. Parties' Arguments

### A.   *Freche's Arguments in Support of the Motion*

In the instant motion, Freche urges the Court to stay this civil action pending resolution of

---

[5] *Id.* at 2.

[6] *Id.*

[7] *Id.* at 3.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 4–8.

[11] Rec. Doc. 19.

[12] Rec. Doc. 26.

the parallel criminal proceedings.[13] The motion states that on October 2, 2023, an arrest warrant was issued for the arrest of Freche, charging her with one count of third degree rape, four counts of carnal knowledge of a juvenile, and one count of oral sexual battery with an alleged offense date of September 24, 2023.[14] The motion explains that Plaintiff is the alleged victim to the criminal charges.[15] The motion states that Freche voluntarily surrendered to law enforcement and later posted bail.[16] The motion provides that on January 10, 2024, the district attorney for the Parish of Tangipahoa filed a Bill of Information against Freche, charging her with one count of Molestation of a Juvenile when the Offender is an Educator.[17] The motion states that on January 29, 2024, Freche entered a plea of not guilty.[18] The motion explains that the criminal case is ongoing, and no trial date has been set.[19]

Freche argues this matter should be stayed because the relevant factors support a discretionary stay of this case.[20] Referencing the six factors set out by the Fifth Circuit in deciding whether to stay a civil action pending resolution of a parallel criminal matter,[21] first, Freche argues the instant civil case and the ongoing criminal case present overlapping issues.[22] Freche

---

[13] Rec. Doc. 19.

[14] Rec. Doc. 19-1 at 1.

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.* at 2.

[19] *Id.*

[20] *Id.*

[21] *Id.* citing *Off. Comm. Of Unsecured Creditors of First NBC Bank Holding Co. v. Ryan,* 2019 WL 3858953 at *2 (E.D. La. Aug. 16, 2019).

[22] Rec. Doc. 19-1 at 2–3.

contends that her guilt or innocence will bear directly on the vitality of Plaintiff's civil claims, and this factor weighs in favor of granting the stay.[23] Second, discussing the status of the criminal matter, Freche explains that a bill of information has been filed, Freche has entered a plea of not guilty, and pre-trial motions are still ongoing.[24] Freche argues this factor weighs in favor of granting the stay.[25] Third, Freche argues there is no prejudice to Plaintiff's interests in delaying the civil matter.[26] Freche asserts this factor weighs in favor of granting the stay.[27] Fourth, Freche argues denying the stay would burden Freche because she would be burdened by civil discovery on the same issues as the pending criminal matter.[28] Freche avers this factor weighs in favor of granting the stay.[29] Fifth, Freche argues the Court's interest in protecting the constitutional rights of criminal defendants and the integrity of criminal proceedings weighs in favor of granting the stay.[30] Sixth, Freche argues that the public interest factor weighs in favor of granting the motion to stay.[31]

### B. *Plaintiff's Arguments in Opposition to the Motion*

In opposition, Plaintiff urges this Court to deny Freche's request for a stay.[32] Plaintiff

---

[23] *Id.* at 3.

[24] *Id.*

[25] *Id.*

[26] *Id.* at 4.

[27] *Id.*

[28] *Id.* at 5.

[29] *Id.*

[30] *Id.* at 6–7.

[31] *Id.* at 6.

[32] Rec. Doc. 26 at 1.

argues an overlap between the civil and criminal cases does not mandate a stay.[33] Plaintiff contends the Court can allow civil discovery to proceed in a way that protects Defendant's constitutional rights without stalling litigation for an indefinite period, and Freche may invoke the Fifth Amendment to certain questions.[34] Next, Plaintiff argues the criminal case is in its early stages and no trial date has been set.[35] Plaintiff contends the indefinite length of a potential delay weighs against a stay.[36] Third, Plaintiff argues he would face significant prejudice from a potential delay because doing so would impede his ability to secure evidence, depose witnesses, and obtain timely relief.[37] Fourth, Plaintiff contends a tailored discovery plan can proceed without infringing on Freche's Fifth Amendment Rights.[38] Fifth, Plaintiff argues judicial efficiency favors moving this case forward.[39] Sixth, Plaintiff argues the public interest supports continued litigation.[40] Plaintiff urges the Court to deny Freche's motion to stay.[41]

### III. Legal Standard on a Motion to Stay

There is no question that a district court has inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants,"[42]

---

[33] *Id.* at 3.

[34] *Id.*

[35] *Id.* at 4.

[36] *Id.*

[37] *Id.*

[38] *Id.* at 5.

[39] *Id.* at 6.

[40] *Id.* at 7.

[41] *Id.* at 8.

[42] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

and that this authority includes the district court's wide discretion to grant a stay in a pending matter.[43] When "the interests of justice seem[] to require such action," a court may exercise its discretion to stay civil proceedings, postpone discovery, or impose protective orders and conditions.[44] Although it is not required to do so, a district court "may stay a civil proceeding during the pendency of a parallel criminal proceeding,"[45] or "until the criminal case or the likelihood of a criminal case is ended."[46] Therefore, although "[t]he simultaneous prosecution of civil and criminal actions is generally unobjectionable,"[47] a stay of a pending civil action may be appropriate "when there is a real and appreciable risk of self-incrimination."[48]

Whether to stay a civil action pending resolution of a related criminal proceeding is a matter left to the court's discretion.[49] The Fifth Circuit has determined that such a stay may be warranted where "special circumstances" exist such that a party would suffer substantial and irreparable prejudice otherwise.[50] The "mere possibility of prejudice" to the criminal defendant arising from discovery in the civil case does not necessarily warrant a stay.[51] The burden to show that a stay is warranted rests on the movant.[52] In determining whether a civil action should be

---

[43] *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990).

[44] *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970); *see also Mayo v. Tri-Bell Indus.*, 787 F.2d 1007, 1012 (5th Cir. 1986).

[45] *S.E.C. v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 668 (5th Cir. 1981).

[46] *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007) (citing *Wallace v. Kato*, 549 U.S. 384, 394 (2007) (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996))).

[47] *First Fin. Grp.*, 659 F.2d at 667.

[48] *Kordel*, 391 U.S. at 8–9.

[49] *Id.* at 12 n.27.

[50] *First Fin. Grp.*, 659 F.2d at 668; *see also United States v. Little Al*, 712 F.2d 133, 136 (5th Cir. 1983).

[51] *In re Ramu Corp.*, 903 F.2d at 320.

[52] *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982); *Drummond v. Fulton Cty. Dep't of Family & Children's*

stayed due to a criminal matter, courts within the Fifth Circuit have looked to six factors.[53] These factors are:

1. The extent to which the issues in the criminal case overlap with those presented in the civil case;

2. The status of the criminal case, including whether the defendant has been indicted;

3. The private interests of the plaintiff in proceeding expeditiously, weighed against the prejudice to the plaintiff caused by the delay;

4. The private interests of and burden on the defendant;

5. The interests of the courts; and

6. The public interest.[54]

### IV. Analysis

In the motion, Freche requests that this Court stay the case pending the outcome of an ongoing state court criminal proceeding against Freche.[55] Plaintiff opposes a stay of the case pending the criminal proceeding.[56]

*A.    Whether Movants Have Established that a Stay is Warranted*

As discussed above, courts analyze six factors to determine whether a civil action should

---

*Servs.*, 532 F.2d 1001, 1002 (5th Cir. 1976).

[53] *See Tajonera v. Black Elk Energy Offshore Operations, LLC*, No. 13-366, 2015 WL 893447, at *9 (E.D. La. Mar. 2, 2015) (Brown, J.) (citing *Alcala v. Tex. Webb Cty.*, 625 F.Supp.2d 391, 399 (S.D. Tex. 2009) (collecting district court cases within the Fifth Circuit applying this test)); *see also Lebouef v. Global X-Ray and Testing Corp.*, No. 07-5755, 2008 U.S. Dist. LEXIS 6470, at *4 (E.D. La. Jan. 29, 2008) (Barbier, J.) ("To determine whether special circumstances exist, the court must 'balance the competing constitutional and procedural interests of the parties,' as illustrated through the six-factor test . . . .") (citation omitted)).

[54] *Id.* (internal citation omitted).

[55] Rec. Doc. 19.

[56] Rec. Doc. 26.

be stayed during the pendency of a related criminal matter. The Court addresses each of these factors to determine whether a stay is appropriate in this case.

1. **Extent of Overlap between Civil and Criminal Cases**

Where there exists overlap between the civil and criminal proceedings, courts often feel compelled to grant a stay.[57] Indeed, some courts have found that "the similarity of the issues in the underlying civil and criminal actions is considered the most important threshold issue in determining whether to grant a stay."[58] Overlap between the civil and criminal proceedings is an important factor specifically because such overlap increases the risk of a defendant's self-incrimination in civil proceedings.[59]

Freche seeks a stay of this matter because, as a result of the alleged sexual abuse at issue in the instant case, Freche was charged with one count of Molestation of a Juvenile where the Offender is an Educator in the 21st Judicial District for the Parish of Tangipahoa. Freche contends that both proceedings will involve the same witnesses and documentary evidence. Freche argues that civil discovery in this proceeding presents a real and appreciable risk of self-incrimination. In opposition, Plaintiff contends that a discovery plan can be put in place to protect Freche's Fifth Amendment Rights, and Freche may invoke her right to remain silent in response to certain questions.

Plaintiff's claims against Freche involve the exact same conduct as that involved in the state court criminal proceeding. Many of the same witnesses can be expected to testify in both cases and much of the evidence will be the same. The ongoing criminal proceeding against Freche

---

[57] *Tajonera*, 2015 WL 893447, at *9 (internal citation omitted).

[58] *Id.* (quoting *Dominguez v. Hartford Fin. Servs. Grp.*, 530 F.Supp.2d 902, 906–07 (S.D. Tex. 2008)).

[59] *Id.*

will hinder Plaintiff's ability to discover certain information. The overlap between the criminal and civil cases is apparent because both proceedings will require the fact-finder to answer the same basic question—whether Freche sexually abused Plaintiff. Because of this overlap, this factor weighs in favor of a stay.

### 2. Status of Criminal Proceedings

District courts in this Circuit are split on whether a stay is more appropriate before an indictment has been handed down in a criminal proceeding, or after. Some have found that "when the government seeks a stay of civil discovery, the justification for obtaining a stay is often strongest before an indictment is handed down."[60] Alternatively, others have held that the propriety of a stay is better assessed post-indictment "when the degree of overlap between a criminal and civil case can most readily be determined."[61]

On January 10, 2024, the district attorney for Tangipahoa Parish filed a felony Bill of Information against Freche for one count of Molestation of a Juvenile when the Offender is an Educator.[62] On January 29, 2024, Freche entered a plea of not guilty to the charge.[63] A trial date has not yet been set in the criminal matter.[64]

Based on these facts, the Court believes Freche has a real and appreciable risk of self-incrimination by proceeding with discovery in this case. Given that "[g]enerally, a stay of a civil case is 'most appropriate' when a party to the civil action has already been indicted for the same

---

[60] *See Tajonera*, 2015 WL 893447, at *9 (quoting *SEC v. Offill*, No. 07–1643, 2008 WL 958072, at *3 (N.D. Tex. Apr. 9, 2008)).

[61] *Alcala v. Texas Webb Cty.*, 625 F. Supp. 2d 391, 401 (S.D. Tex. 2009) (internal citation omitted).

[62] Rec. Doc. 19-1 at 1.

[63] *Id.*

[64] *Id.* at 2.

9

conduct,"[65] the Court finds that the second factor weighs in favor of a stay.

### 3. Plaintiffs' Interest

The third factor that the Court must consider is the private interests of the plaintiff in proceeding expeditiously as weighed against the prejudice to the plaintiff caused by delaying the case. The Court appreciates that Plaintiff has a significant interest in proceeding expeditiously and having his claims heard. Granting a stay of this case will not deny Plaintiff a possible recovery; instead, it will only delay that possible result. The Court recognizes that criminal defendants are entitled by law to a speedy trial, and thus the Court would expect the underlying criminal matter to be resolved expeditiously. As such, the third factor also weighs in favor of a stay.

### 4. Defendants' Interest

The fourth factor, the private interests of and burden on the defendant in granting a stay, weighs significantly in favor of granting a stay. Freche has been charged and has pled not guilty to the crime of Molestation of a Juvenile when the Offender is an Educator, the facts of which are alleged to have been based on the same facts as the instant civil case. It is likely that Freche may be faced with discovery requests that will trigger a claim of Fifth Amendment privilege, thus hampering and/or preventing the resolution of this civil case. Thus, this factor weighs in favor of a stay.

### 5. The Court's Interest

The Court has interests in judicial economy and expediency.[66] "[G]ranting a stay serves

---

[65] *Modern American Recycling Serv. v. Dunavant*, 2012 WL 1357720, at 3 (E.D. La. April 19, 2012). *See also*, *Whitney Nat'l Bank v. Air Ambulance by B&C Flight Management, Inc.*, 2007 WL 1468417, at *3 (S.D. Tex. May 18, 2007).

[66] *See Tajonera*, 2015 WL 893447, at *10 (internal citation and quotation marks omitted).

those interests because conducting the criminal proceedings first advances the judicial economy."[67] The Court has an interest in avoiding duplicative discovery, which would likely occur if a stay were not granted.[68] The criminal investigation and trial may "streamline" discovery in this litigation.[69] Thus, proceeding with this action at this time will result in the use of judicial resources that may not be necessary if the case proceeds after the criminal proceeding has been completed. Additionally, collateral estoppel or *res judicata* could apply to the overlapping issues.[70] The stay of this litigation will not be indefinite or unreasonable. Accordingly, this factor, like the previous four, weighs in favor of issuing a stay.

### 6. The Public Interest

The Fifth Circuit has recognized that the public interest in law enforcement efforts though criminal investigation and prosecution is substantial:

> The very fact that there is clear distinction between civil and criminal actions requires a government policy determination of priority: which case should be tried first. Administrative policy gives priority to the public interest in law enforcement. This seems so necessary and wise that a trial judge should give substantial weight to it in balancing the policy against the right of a civil litigant to a reasonably prompt determination of his civil claims or liabilities.[71]

Although the public also has an interest in the prompt resolution of civil cases, Fifth Circuit precedent advises that this interest is subservient to law enforcement's prerogative in this situation. Therefore, the Court concludes that this factor also weighs in favor of a stay.

---

[67] *Waste Management*, 2012 WL 520660, at *5 (citing *Offill*, 2008 WL 958072, at *3) (internal quotation marks omitted).

[68] *Id*.

[69] *Id*.

[70] *Id*. (citing *Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 568 (1951) ("It is well established that a prior criminal conviction may work an estoppel. . . .")).

[71] *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)

## V. Conclusion

Based on the foregoing, the Court grants the motion to stay this case in entirety because all six factors weigh in favor of a stay. Accordingly,

**IT IS HEREBY ORDERED** that Freche's "Motion to Stay Proceedings"[72] is **GRANTED.**

**IT IS FURTHER ORDERED** that the above-captioned matter is **STAYED** and **ADMINISTRATIVELY CLOSED** pending resolution of the criminal charges pending against Defendant Morgan Freche in the 21st Judicial District Court for the Parish of Tangipahoa. The parties shall file a motion to reopen the case within 30 days of the conclusion of the criminal proceedings so that it can be restored to the Court's active trial docket.

**NEW ORLEANS, LOUISIANA,** this __1st__ day of July, 2025.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[72] Rec. Doc. 19.